IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| JIMMY DALE MARTIN | § | |
| VS. | § | CIVIL ACTION NO. 1:15cv74 |
| UNITED STATES OF AMERICA | § | |

MEMORANDUM OPINION REGARDING TRANSFER

Petitioner Jimmy Dale Martin, an inmate confined at the Federal Correctional Complex in Terre Haute, Indiana, proceeding *pro se*, brings this petition for writ of habeas corpus.

Discussion

On October 16, 1992, following a trial by jury in the Eastern District of Texas, the court entered a judgment convicting petitioner of conspiracy to manufacture methamphetamine, possession of a firearm by a convicted felon, and use of a firearm during a drug trafficking crime. Petitioner was sentenced to a term of life imprisonment plus five years. *See United States v. Martin*, Criminal Action Number 1:92cr40 (E.D. Tex. Oct. 16, 1992).

Petitioner submitted this petition asserting he is actually innocent of the charges for which he has now served twenty-three years of a life sentence.

Analysis

Title 28 U.S.C. § 2241(a) provides that "[w]rits of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions." "To entertain a § 2241 habeas petition, the district court must, upon the filing of the petition, have jurisdiction over the prisoner or his custodian." *United States v. Gabor*, 905 F.2d 76,

78 (5th Cir. 1990) (citation omitted). A § 2241 petition must be filed in the district where the petitioner is incarcerated. *Id.*; *Hooker v. Sivley*, 187 F.3d 680, 682 (5th Cir.1999).

Petitioner is currently confined in the Federal Correctional Institution located in Terre Haute, Indiana where he was located when he submitted the petition. Pursuant to 28 U.S.C. § 113, Terre Haute is located within the jurisdictional boundaries of the United States District Court for the Southern District of Indiana. As petitioner is not incarcerated in the Eastern District of Texas, this court is without jurisdiction to consider petitioner's petition for writ of habeas corpus; subject-matter jurisdiction cannot be waived. *See DeCell & Associates v. F.D.I.C.*, 36 F.3d 464, 471 (5th Cir. 1991).

Under 28 U.S.C. § 1404(a), for the convenience of parties and witnesses and in the interest of justice, a district court may transfer any civil action to any other district or division where it could have been brought. Such a transfer may be done *sua sponte* and is reviewable only for an abuse of discretion. *Mills v. Beech Aircraft Corp.*, 886 F.2d 758, 761 (5th Cir. 1989).

After considering the circumstances, the court has determined that the interests of justice would best be served if this petition were transferred to the district in which the petitioner is confined rather than dismissed the case for lack of jurisdiction.[1] An Order of Transfer so providing shall be entered in accordance with this Memorandum Order.

SIGNED this 20th day of May, 2015.

Zack Hawthorn
United States Magistrate Judge

---

[1] Under other circumstances, the court would consider interpreting this petition as a motion to vacate sentence pursuant to 28 U.S.C. § 2255; however, petitioner has filed two previous motions to vacate sentence. Thus, petitioner must receive permission from the Fifth Circuit Court of Appeals before he can proceed with another motion to vacate. Therefore, this court is also without jurisdiction to entertain a motion to vacate filed by petitioner.